IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LESA R. TARD,

        Plaintiff,

v.	Case 2:12-cv-02722-SHM-cgc

BAPTIST MEMORIAL HOSPITAL,

        Defendant.

**REPORT AND RECOMMENDATION ON DEFENDANT BAPTIST MEMORIAL HOSPITAL, INC.'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Baptist Memorial, Inc.'s Motion for Summary Judgment (D.E. #16) filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. The instant motion is referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #13). For the reasons set forth herein, it is recommended that Defendant's Motion for Summary Judgment be GRANTED.

**I. Background**

This case arises from allegations that Plaintiff was retaliated against on or about April 17, 2012 when her employment with Defendant was terminated. (Compl. ¶¶ 5, 9). Plaintiff describes the circumstances under which Defendant retaliated against her as follows:

> Abuse of authority and outrageous conduct that was done intentionally with reckless disregard of the probability of causing emotional distress. I was written up on numerous occasions without proper cause or a through investigation. I also was suspended on numerous occasions without cause or knowing the nature of the [illegible]. I was giving [sic] terrible evaluations and was told Baptist has their rules and [illegible] (my supervisor) had her own rules. I was terminated 5 yrs ago

1

by the same supervisor that falsely accused me over hearsay. I have made every attempt in following the chain of command and followed through this resulted in my supervisor assulting [sic] me and later lead to my termination. The everyday pressure of working in a hostile work environment case emotional distress.

(*Id*. ¶ 10). Plaintiff further states that she complained to the Corporate Director of Human Resources regarding her allegations of intentional infliction of emotional distress and assault. (*Id*. ¶ 9). Although the form complaint Plaintiff utilized asks Plaintiff to select whether she was discriminated on the basis of race, color, sex, religion, or national origin, Plaintiff did not select any of these bases. (*Id*. ¶ 9).

Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") on or about May 10, 2012 alleging retaliation for appealing a previous discharge and being reinstated.[1] (*Id*. ¶ 7). The EEOC issued its Dismissal and Notice of Rights ("EEOC Notice") on May 16, 2012, which concluded as follows: "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statute. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." (*Id*., Exh. 1). The EEOC Notice advised Plaintiff of her Notice of Suit Rights as follows: "**Title VII** . . . : This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. . . ." (*Id*.). On August 21, 2012, Plaintiff filed a pro se Complaint under Title VII of the Civil Rights Act of 1964. (D.E. #1).

---

[1] Plaintiff did not include her filings with the EEOC as exhibits to her Complaint; however, they are contained as an exhibit to her deposition, which was filed an Exhibit A to Defendant's Motion for Summary Judgment.

On September 13, 2013, Defendant filed the instant Motion for Summary Judgment. Defendant asserts that summary judgment is proper because Plaintiff's case is time-barred and because Plaintiff does not claim retaliation based on activity protected by Title VII. Although Local Rule 56.1 required Plaintiff to file a response to Defendant's motion within twenty-eight days after the motion is served, Plaintiff failed to do so. On October 15, 2013, the Magistrate Judge entered an Order to Show Cause within fourteen days of the entry of the Order as to why the Court should not consider the Motion on the record before it and enter a Report and Recommendation recommending to the District Court that the Motion for Summary Judgment be granted.

On October 29, 2013, Plaintiff filed a Response to Order to Show Cause (D.E. #19) requesting that the "court issue an order for compensation after Termination from Baptist Memorial Hospital or grant such other Relief as the court may deem to be just and proper." Plaintiff further stated as follows: "I have good excuse because, I was confident in the lawyer who said he would represent me. Several weeks lead into months, when he decided he could not represent me. For this cause, I missed my deadline by one day; why my lawyer at the time said I had up to a year to file."

On October 31, 2013, Defendant filed a Reply to Plaintiff's Response to Order to Show Cause. (D.E. #20). Defendant argues that Plaintiff's Response fails to create any genuine issue of material fact and that its motion should be granted as a matter of law. Defendant further argues that Plaintiff's alleged reliance on a lawyer in late-filing her lawsuit does not equitably toll the statute of limitations.

## II. Proposed Findings of Fact[2]

Plaintiff was employed by Defendant as a non-invasive cardiac monitoring technician beginning in 2002. (Mot. for Summ. J., Exh. A, Deposition of Lesa R. Tard ("Tard Dep.") at 36:6-22, 37:18-20). Mertis Johnson ("Johnson") was Plaintiff's manager in that position. (*Id.* at 34:21-35:3, 35:12-16, 37:15-17). In April, 2007, Baptist terminated Plaintiff's employment for the first time. (*Id.* at 59:5-7). Plaintiff was terminated due to a "grave failure in Service First Standards and failures in Standards of Conduct due to unprofessional/inappropriate behavior" based upon explicit statements Plaintiff was alleged to have made. (*Id.* at 73:1-3).

Plaintiff appealed her 2007 discharge through the Problem Solving process, asserting that some of the allegations that her co-workers had made against her were false, that termination was too harsh of a sanction, and that a three-day suspension would have been more appropriate given that she did not have precious write-ups or warnings. (*Id.* at 73:17-20, 74:13-76:4, & Exh. 5). As a result of the Problem Solving process, Defendant overturned its decision to terminate Plaintiff's employment and reinstated her to her previous position. (*Id.* at 73:17-20, 87:12-13, 88:14-16). Defendant terminated Plaintiff's employment for a second time in April, 2012. (*Id.* at 202:16-18).

---

[2] Local Rule 56.1 requires that any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either: (1) agreeing that the fact is undisputed; (2) agreeing that th fact is undisputed for the purpose of ruling on the motion for summary only; or (3) demonstrating that the fact is disputed. Local Rule 56.1 further sets forth that such response shall be filed with any memorandum in response to the motion, as well as the manner of doing so and the opportunity of the non-movant to file a statement of additional facts. In the instant case, Plaintiff's Response to Order to Show Cause does not respond to any of Defendant's Statement of Undisputed Material Facts and Plaintiff does not set forth any additional facts. Thus, it is recommended that Defendant's Statement of Undisputed Material Fact be deemed as undisputed.

Plaintiff claims that her subsequent termination was in retaliation for "appealing [her] discharge and being reinstated after [Johnson] discharged [her] in 2007." (*Id.* at 58:19-59:7, 119:1-121:7, Exhs. 13-14). Plaintiff believes Johnson acted "unfair and indifferent" towards her after she was reinstated for the following reasons:

> [S]he felt like when she fired me, I was supposed to have stayed fired. I never should have fought to get my job back. She didn't think that I would get my job back. So when I did, it made her look bad as a manager when she fired an employee and it didn't stick. So, and her—and her way of saying I've got to get her out of her[e], and this time, I got to make it stick.

(*Id.* at 105:23-106:2, 107:14-108:3). Plaintiff claims that Johnson disciplined her because of a "personal vendetta" and her "dislike" of Plaintiff, which was "personal." (*Id.* at 182:23-183:11). Plaintiff believes that she was treated "unfair and indifferent because of [her] rehire" and was terminated "solely on the dislike her manager ha[d] for [her]." (*Id.* at 113:20-114:5, 218:10-219:1).

### III. Proposed Conclusions of Law

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Title VII prohibits an employer from discriminating against any of his employees because the employee has opposed any employment practice made an unlawful employment practice by Title VII or because the employee has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a); *Inwalle v. Reliance Med. Prods., I*nc., 515 F.3d 531, 543 (6th Cir. 2008). "Unlawful employment practices under Title VII include any actions taken on the basis of race, color, religion, sex, or national origin that 'discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment.'" *Inwalle*, 515 F.3d at 543 (quoting 42 U.S.C. § 2000e-2).

A plaintiff in a Title VII action may establish retaliation either by introducing direct evidence of retaliation or by proffering circumstantial evidence that would support an inference of retaliation. *Inwalle*, 515 F.3d at 543 (quoting *DiCarlo v. Potter*, 358 F.3d 408, 420 (6th Cir. 2004). "Direct evidence is that evidence which, if believed, requires no inference to conclude that unlawful

6

retaliation was a motivating factor in the employer's action." *Inwalle*, 515 F.3d at 544 (quoting *Abbott v. Crown Motor Co.*, 348 F.3d 537, 542 (6th Cir. 2003)).

Under the circumstantial evidence approach, the tripartite test established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), and later clarified in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981), applies to determine if the conduct violated Title VII. *Imwalle*, 515 F.3d at 544. First, a plaintiff must establish a prima facie case of retaliation by showing as follows: (1) she engaged in protected activity*;* (2) her exercise of protected civil rights was known to the defendant; (3) the defendant thereafter took an employment action adverse to the plaintiff; and, (4) there was a causal connection between the protected activity and the adverse employment action." *Id.* The burden then shifts to the employer to produce evidence of a legitimate, nondiscriminatory reason for its actions once the plaintiff presents sufficient evidence to make out a prima facie case. *Id.* If the defendant satisfies this burden, the plaintiff must then demonstrate by a preponderance of the evidence that the legitimate reason offered by the defendant was not its true reason but instead was a pretext to mask retaliation. *Id.*

The essence of a retaliation claim under either approach is that the plaintiff initially engaged in protected activity under Title VII. In the instant case, the record does not contain any evidence that Plaintiff's 2007 termination was due to her opposition to an unlawful employment practice or was due to her race, color, religion, or national origin. Instead, it is undisputed that Plaintiff's 2007 termination was due to comments that she made that Defendant deemed unprofessional, that Plaintiff's appeal of her 2007 termination was based upon her assertion that the penalty of termination was unduly harsh, and that Defendant reinstated her because it determined that termination was not the appropriate penalty. Thus, as there is no genuine issue of material fact as to whether plaintiff engaged in protected activity, it is recommended that Defendant's Motion for

Summary Judgment on Plaintiff's retaliation claim be GRANTED.[3]

Signed this 20th day of November, 2013.

                                          s/ Charmiane G. Claxton
                                          CHARMIANE G. CLAXTON
                                          UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[3] As it is recommended that Plaintiff's retaliation claim does not present a genuine issue of material fact, the Court need not continue to Defendant's remaining bases for its motion for summary judgment.